Willie L. LEWIS, Plaintiff-Appellant,

v.

HILLSBOROUGH TRANSIT AUTHORI-
TY, et al., Defendants-Appellees.

No. 83–3156.

United States Court of Appeals,
Eleventh Circuit.

March 9, 1984.

Nathaniel W. Tindall, II, Tampa, Fla., for plaintiff-appellant.

Gary Wayne Nicholson, Tampa, Fla., for defendants-appellees.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion December 5, 1983, 11th Cir., 1983, 726 F.2d 664).

Before HILL, JOHNSON and HENDER-SON, Circuit Judges.

PER CURIAM:

■ Willie Lewis petitions for a rehearing en banc of this panel's opinion in *Lewis v. Hillsborough Transit Authority*, 726 F.2d 664 (11th Cir.1983).[1] While he does not seek reconsideration of the panel opinion, we treat his petition as such in accordance with Eleventh Circuit Rule 26(f).[2] Rule V.C.b.(1) of our Internal Operating Procedures also confers on the panel continuing control of the case although the petition seeks en banc consideration only.[3]

In his petition Lewis argues for the first time that our prior opinion conflicts with

1. The facts of this case are set out in the panel opinion.

2. "A suggestion for rehearing en banc will also be treated as a petition for rehearing before the original panel." 11th Cir.R. 26(f).

3. *Panel Has Control*—Although a copy of the suggestion for rehearing en banc is distributed to each panel judge and every active judge

of the court, the filing of a suggestion for rehearing en banc does not take the case out of plenary control of the panel deciding the case. This panel may, on its own, grant rehearing and may do so without action by the full court.

11th Cir. Internal Operating Procedures R. V.C. b.(1).

*Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). In *Patsy,* the Supreme Court held that exhaustion of state administrative remedies is not a prerequisite to a suit brought pursuant to 42 U.S.C. § 1983.

Lewis claimed the Hillsborough Transit Authority violated his constitutional right to due process when it concluded he had resigned without notice without first furnishing him a hearing. The collective bargaining agreement between the City of Tampa and the Amalgamated Transit Union, and arguably the Florida Civil Service regulations, provided Lewis with procedural remedies which he failed to pursue. Our opinion, however, did not require Lewis to exhaust these administrative remedies, but instead held that they afforded him all the due process necessary under the fourteenth amendment. The claim was rejected on the merits for failure to state a constitutional violation.

The Supreme Court, in a line of procedural due process cases, looked to the available state remedies to determine whether they provided sufficient due process to satisfy the Constitution. *See e.g., Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). These cases involved whether there was a constitutional violation, not whether there was exhaustion. Instead of dismissing for failure to exhaust, the Court held against the claimant on the merits because the available, yet unused, state remedies comported with due process.

In *Lewis,* the district court held that the available remedies complied with due process requirements. "Due process was at Plaintiff's disposal; any deprivation of that due process clearly resulted from Plaintiff's own inaction." Opinion at 5. The district court then found that Lewis had failed to show a denial of due process under the fourteenth amendment. The panel opinion agreed that Lewis had been afforded sufficient due process. *Lewis* thereby fits under the *Parratt* line of cases instead of *Patsy.*

The United States Court of Appeals for the Fourth Circuit addressed the relationship between *Parratt* and *Patsy* in *Daniels v. Williams,* 720 F.2d 792 (4th Cir.1983). The court stated that

> Exhaustion of state judicial or administrative remedies is not a prerequisite to section 1983 actions, *Monroe v. Pape,* 365 U.S. 167, 183 [81 S.Ct. 473, 482, 5 L.Ed.2d 492] (1961), except for those cases falling under the narrow exhaustion scheme embodied in 42 U.S.C. § 1997. *See Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557 [73 L.Ed.2d 172] (1982). *Parratt* does not change this rule. An exhaustion requirement would merely require a plaintiff to exhaust his state remedies before bringing a section 1983 action in federal court. *Parratt,* by contrast, stands for the proposition that a plaintiff may sue only in state court if he fails to state a procedural due process claim under section 1983. Unlike an exhaustion requirement, which is based upon principles of comity, the *Parratt* analysis is based upon the concept that there is no constitutional violation if a plaintiff has not been deprived of a protected interest without due process of law.

*Id.* at 794, n. 1.

Lewis does not contend that the procedures available to him were inadequate or unconstitutional. They provided him with an effective opportunity to rebut the charges. As such, Lewis' case was not dismissed for lack of jurisdiction for failure to exhaust. He lost on the merits for lack of a constitutional violation.

Lewis emphasizes one sentence in the panel opinion. "To accept Lewis' argument would permit every employee to ignore the elaborate grievance mechanism provided in the agreement and to sue in federal court." At 667. This statement does not mean, as Lewis maintains, that we required exhaustion. This is not an exhaustion case. We considered the available remedies only to the extent necessary to determine if they satisfied the due process requirements of

the fourteenth amendment. Exhaustion did not enter into the analysis.

Lewis raises another argument based on *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1189 (1938). We find this contention also without merit. It is illogical to assert that a choice of remedies, albeit exclusive of one another, furnishes less, rather than more, procedural safeguards than one remedy.

For the foregoing reasons, a rehearing of the panel opinion is DENIED.