**Dalton Ray GOOLSBY,**
**Plaintiff-Appellant,**

v.

**The CITY OF MONTGOMERY, an Alabama corporation, the Montgomery City-County Personnel Board, Ewell Green, in his official capacity as a member of the Montgomery City-County Personnel Board, and Mrs. Ed E. Reid, in her official capacity as a member of the Montgomery City-County Personnel Board, Defendants-Appellees.**

**No. 86–7001.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 10, 1986.
As Amended Dec. 31, 1986.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

This is an action arising under 42 U.S.C. § 1983 which alleges violations of the plaintiff's rights to substantive and procedural due process of law. The plaintiff, Dalton Ray Goolsby, an ex-sanitation supervisor for the City of Montgomery, originally brought this action seeking declaratory relief, reinstatement, back pay and attorney's fees. Procedurally, the plaintiff alleged his notice of the charges against him was inadequate, the final decision was not supported by any evidence, that he was singled out for grossly disproportionate punishment and that the Personnel Board defendants did not advise him of the specific reason for sustaining his dismissal.

The District Court upheld the Personnel Board's dismissal of the plaintiff from his job as Sanitation Supervisor for the City of Montgomery. The issue before this court on appeal is did the district court judge err in applying the law to this action.

The facts which were stipulated by both sides are as follows:

Dalton Ray Goolsby held the permanent, non-probationary position of Sanitation Supervisor with the City of Montgomery on and prior to January 17, 1975. By letter dated January 21, 1975, Goolsby was informed that he had been indefinitely suspended from his position "pending the completion of an investigation by the District Attorney".

The investigation by the District Attorney ultimately resulted in four criminal charges against Goolsby, one of which was the charge that he did "with intent to deceive or defraud, make, enter and keep false entries, books or accounts, of employees directly under his supervision and con-

Alvin T. Prestwood, Capouano, Wampold, Prestwood & Sansone, P.A., Montgomery, Ala., for plaintiff-appellant.

J. Bernard Brannan, Jr., Montgomery, Ala., for City of Montgomery.

Robert D. Segall, J. Fairley McDonald, III, Copeland, Franco, Screws & Gill, Montgomery, Ala., for the Montgomery City-County Personnel Bd., Green & Reid.

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

trol for the purpose of defrauding the City of Montgomery, in violation of Title 14, Section 219." Goolsby was convicted of this charge on June 18, 1975, in the Circuit Court of Montgomery County, Alabama. Other charges resulting from the investigation by the District Attorney were either dismissed or resulted in trial ending with his acquittal.

By "Notification of Dismissal" dated May 31, 1977, Goolsby was dismissed from his employment position upon the grounds that "you were charged with and convicted of the following: ... as Supervisor and Employee of the City of Montgomery and with intent to deceive or defraud, [you did] make, enter and keep false entries books or accounts, upon City Employees directly under your supervision and control for the purpose of defrauding the City of Montgomery."

Goolsby made timely request of the Montgomery City-County Personnel Board for a hearing to review his dismissal, by letter dated June 3, 1977. The Personnel Director acknowledged receipt of such request by letter dated June 7, 1977, and notified Goolsby's then attorney that "we will not schedule a hearing before the Personnel Board until we hear from you on the final disposition of Mr. Goolsby's case in Circuit Court."

Upon petition for writ of error coram nobis to review Goolsby's conviction, the Circuit Court of Montgomery County set aside his conviction on June 8, 1979, and restored the case to the docket for further disposition. A petition for a writ of mandamus to review that decision was filed by the City of Montgomery, but was denied by the Alabama Court of Criminal Appeals on July 26, 1979. The case was set for trial on November 26, 1979, when it was dismissed by the Circuit Court of Montgomery County for want of prosecution. Again, the City of Montgomery sought to review that decision by a petition for a writ of mandamus, which was denied by the Alabama Court of Criminal Appeals on January 14, 1980.

On November 29, 1979, Goolsby's attorneys notified the City-County Personnel Board that the charge of keeping false records and accounts had been finally resolved in Goolsby's favor on November 26, 1979, and asked that Goolsby be reinstated or that a hearing be set before the Board for that purpose. By letter dated December 5, 1979, Goolsby's attorney was notified that his personnel board hearing was set for January 18, 1980.

The hearing before the personnel board was duly convened on January 18, 1980. At that hearing, it was conceded by the city that there were no pending criminal charges and that the conviction against Goolsby for keeping false books or accounts had been set aside, and the attorney for Mr. Goolsby made a motion that he be reinstated without further evidence, since the dismissal charge that "you were charged with and convicted of" the offense of keeping false books or accounts had been completely answered. Although Goolsby insisted upon that motion and maintained then and now that the board should have immediately reinstated him, Goolsby did have witnesses and evidence available at the hearing on January 18, 1980, and was prepared to defend himself against the same evidence that was used in his criminal trial to convict him of keeping false entries, books or accounts on June 18, 1975.

At the hearing on January 18, 1980, attorneys for the City of Montgomery delivered to Goolsby for the first time a list of six charges ostensibly to be used to sustain his dismissal. The first charge sought to change the reason for dismissal from Goolsby's being "charged with and convicted of" keeping false entries, books, or accounts to actually "keeping false records." Goolsby's attorneys objected to the use of changed, new, or additional charges against him to sustain his dismissal from employment. After the personnel board session, but on the same day, that objection, along with alternative motions, was reduced to writing by Goolsby's attorney.

The City-County Personnel Board did not rule upon the case at the January 18, 1980, hearing, but instead continued the case on its own motion and asked the parties to submit memoranda on their positions. After receiving the memoranda, the board entered its order denying Goolsby's motion for reinstatement without further evidence and allowed the city until February 7 to amend its charges against Goolsby. The City of Montgomery did amend the charges as allowed. The amendment included seven charges.

After Goolsby filed a petition for writ of mandamus in the Circuit Court of Montgomery County, the attorney for the City-County Personnel Board notified the city attorney that the board would only receive evidence as to facts which purports to prove that Goolsby "with intent to deceive or defraud, did make, enter, and keep false entries, books, or accounts, upon City employees directly under his supervision and control for the purpose of defrauding the City of Montgomery." The Board's attorney also notified the parties that to the extent that the charges filed by the City were probative of the foregoing, the Personnel Board would receive evidence thereon.

The City-County Personnel Board's procedures place the burden upon the appointing authority to prove the charges representing the basis for a dismissal.

On March 2, 1981, the Circuit Court of Montgomery County denied Goolsby's petition for a writ of mandamus. On April 15, 1983, the Supreme Court of Alabama affirmed the decision of the trial court.

A hearing before the City-County Personnel Board was commenced on December 1, 1983. On January 10, 1984, the Personnel Board notified all counsel that on the basis of the evidence, briefs, exhibits, and related material, that it had sustained the action of the City of Montgomery in terminating the employment of Mr. Goolsby.

LEGAL ANALYSIS

■ There is no case which stands for the proposition that a predeprivation hearing is an entitlement to be equated with the words "due process." In order to be entitled to a predeprivation hearing one must be attacking state procedures as being violative of due process. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

In *Parratt,* the court noted that "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established State procedures. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing." *Parratt,* 451 U.S. at 543, 101 S.Ct. at 1917.

In this action the plaintiff does not challenge the State procedures themselves, but instead, he alleges that the State employees did not follow these procedures since he was not afforded the notice which the procedures provide and allegedly was not given a fair trial.

The legacy of *Parratt* and its progeny is that such unauthorized conduct, as the plaintiff complains of in this case, can be cured by various post deprivation remedies which can be provided by the State. This conclusion has been embraced in this Circuit by *Lewis v. Hillsborough Transit Authority,* 726 F.2d 668, 669 (11th Cir.1984).

■ It is undisputed by the plaintiff that he was provided with a postdeprivation hearing. The two day proceeding commenced on December 1, 1983. The appellant had the exhibits for four years prior to his final hearing and had the opportunity to depose any witness he wished. This final hearing was held before the Montgomery City-County Personnel Board, a seemingly impartial board made up of members who received their appointments from three different governmental agencies and who apparently have a great deal of expertise in personnel matters. We find that plaintiff was provided with an adequate postdeprivation hearing.

■ After a thorough review of the record, it appears to this court that Goolsby suffered no appreciable deprivation as a

result of receiving the "Notice of Dismissal" letter in 1977. At the time the plaintiff was given the notice, he was already on suspension and had in fact, already been convicted of one of the alleged crimes. Given the apparent validity of the 1977 conviction, the plaintiff's dismissal was certainly appropriate in 1977 and a predeprivation hearing would have been a futile waste of time. The Personnel Board could not ignore the guilty verdict and retry the charges against the plaintiff all over again.

█ This case is better suited for State courts. Whether or not the procedures which are set out by State law are adequately followed can best be determined by the State courts. The plaintiff admits in his brief that this case should have been brought in State court. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555, *Terrell v. City of Bessemer,* 406 So.2d 337 (Ala.1981).

For these reasons, the District Court's dismissal of this action is AFFIRMED.