**Damien MARINO, Plaintiff–Appellant,**

v.

**Anthony AMERUSO, Commissioner of the Department of Transportation of the City of New York, Defendant–Appellee.**

**No. 440, Docket 87–7532.**

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1988.

Decided Jan. 8, 1988.

Ronald Podolsky, New York City, for plaintiff-appellant.

Alan Krams, New York City (Peter L. Zimroth, Corp. Counsel, Fay Leoussis, Karen Hutson, New York City, of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Damien Marino appeals from Judge Griesa's dismissal of his suit brought under 42 U.S.C. § 1983 (1982) against the Commissioner of the Department of Transportation of the City of New York. Marino alleged that he was deprived of a property interest in his job as a New York City traffic enforcement agent without procedural due process when an Administrative Law Judge ("ALJ") failed to strike the testimony of a witness at an administrative hearing. Because adequate state procedures exist to correct any evidentiary error committed by the ALJ, we hold that Marino was not denied procedural due process and affirm.

We briefly summarize the relevant facts. On September 17, 1984, Marino was served with an administrative charge that he had solicited and accepted a bribe of $10 for not issuing a traffic summons. At a Department of Transportation disciplinary hearing on October 18, Eileen "Doe," the complainant, testified that she was a passenger in a car stopped by Marino on August 23 on East 39th Street in Manhattan; that Marino told the car's driver, her boyfriend, that he had made an illegal right-hand turn; that Marino told the driver that he faced a forty-five dollar fine and "two points" but that "[o]ne hand washes the other"; and that the driver handed money to Marino. On cross-examination, the complainant refused to give the driver's name, even after the ALJ asked her to do so, because "[h]e does not want to get involved [and] he had told me not to say his name." The two other witnesses at the hearing were a Department of Transportation investigator, who testified that Marino was stationed at 40th Street and Lexington Avenue on the date in question, and Marino himself, who denied accepting a bribe.

Marino moved for a New York State Supreme Court order compelling the complainant to give the driver's name. That court denied this motion as premature and instructed Marino to renew the motion at the close of the administrative proceedings when "the entire record can be reviewed." The ALJ subsequently found Marino guilty of soliciting and accepting a bribe, and recommended that he be dismissed. The ALJ also refused to strike the complainant's testimony.

The Commissioner of Transportation adopted the ALJ's report and recommendation, and Marino was dismissed, effective March 4, 1985. Marino neither renewed his application to the Supreme Court to compel the complainant to provide the driver's name nor challenged the Commissioner of Transportation's determination in an Article 78 proceeding in state court, an action in which evidentiary error by the ALJ would have been grounds for relief. Instead, eight months after his dismissal, Marino brought this action under Section 1983, alleging that the ALJ's failure to strike the complainant's testimony deprived

him of his right to cross-examination and thereby of due process. In dismissing Marino's Section 1983 complaint, Judge Griesa held that "the whole range of procedural rights must be considered" and that Marino did not have a "valid claim" because the availability of Article 78 review of the ALJ's evidentiary ruling afforded him procedural due process.

It is not disputed that Marino had a property interest in his public employment protected by due process, *see Berns v. Civil Serv. Comm'n*, 537 F.2d 714, 716 (2d Cir.1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977), and that he was therefore entitled to, and had, a predismissal hearing. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The sole issue before us is whether the ALJ's allegedly erroneous evidentiary ruling regarding the admissibility of the complainant's testimony denied Marino procedural due process notwithstanding the availability of adequate state procedures to correct that error. We assume for purposes of this appeal that the ALJ made an evidentiary error, and that it was of a constitutional magnitude.

The Supreme Court has clearly distinguished between a claim that an established state procedure does not afford procedural due process and a claim that a property right was lost because of a random and unauthorized act by a state actor. In the latter case, the existence of an adequate postdeprivation state remedy for the loss affords due process. *See Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 3202–04, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981), *overruled on other grounds in Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) ("overrul[ing] *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). As Chief Justice Rehnquist observed in *Parratt*, when a loss of property is the result of a random, unauthorized act of a state employee, rather than an established state procedure,

[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under "color of law," is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

451 U.S. at 541, 101 S.Ct. at 1916.

■ Marino's claim thus lacks the essential elements of a deprivation of procedural due process. He makes no claim that the Department of Transportation authorizes its ALJs to deprive respondents of any federal procedural right or otherwise to make unlawful evidentiary rulings. Nor does Marino contend that it was practical for the Department of Transportation to provide a predeprivation hearing to head off random procedural errors by the ALJ, or that the state's procedures for correcting any such error after the fact were inadequate. Indeed, Section 7803(3) of New York's Civil Practice Law and Rules provides for judicial review of administrative agency error, including whether a determination was affected by an error of law. N.Y.Civ.Prac.L. & R. 7803(3) (McKinney 1981 & Supp.1988). Absent a showing of inadequate state procedures his claim must fail.

■ Marino argues in response that he is not required to exhaust state remedies before bringing a Section 1983 action. *See Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). That is true, of course, but a failure to exhaust is not the grounds of our ruling. Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate. Marino has made no such showing, and his failure to do so is fatal to his action.

Affirmed.