850 F.2d 70
 47 Ed. Law Rep. 483
 Radha R.M. NARUMANCHI, Plaintiff-Appellant,
v.
The BOARD OF TRUSTEES OF the CONNECTICUT STATE UNIVERSITY,
Michael J. Adanti, and Alan H. Leader, Defendants-Appellees,
David C. Newtown, Kerry Grant, Barbara Bard, Michael L.
Becker, Frank E. Musk, Jerry Bannister, Michael
Pernal, Doris Griscom, individually and
in their official capacities,
Defendants.
 No. 1032, Docket 87-7796.
 United States Court of Appeals,
Second Circuit.
 Argued April 12, 1988.
Decided June 20, 1988.
 
 Krishna M. Vempaty, New York City (Howard R. Birnbach, Sulkow Birnbach Jasilli & Schleifer, New York City, Altschuler, May & Stanek, Seymour, Conn., on the brief), for plaintiff-appellant.
 Thomas P. Clifford, III, Asst. Atty. Gen., Hartford, Conn. (Joseph I. Lieberman, Atty. Gen., Robert W. Garvey, Asst. Atty. Gen., Hartford, Conn., on the brief), for defendants-appellees.
 Before VAN GRAAFEILAND, NEWMAN, and MINER, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 Radha Narumanchi, a tenured professor at the Southern Connecticut State University ("SCSU" or "the University") appeals from a judgment of the District Court for the District of Connecticut (Peter C. Dorsey, Judge) dismissing his claim that disciplinary actions taken against him by the University violated his rights under the First Amendment, the Due Process Clause of the Fourteenth Amendment, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (1982). The Title VII claim was resolved in favor of the University after a bench trial in a part of the judgment not challenged on appeal. Narumanchi contends that the District Court erred, however, in dismissing his constitutional claims on the ground that he had refused to avail himself of the grievance procedures established in the collective bargaining agreement between his union and his employer. We affirm that aspect of the judgment dismissing the due process claim but reverse the dismissal of Narumanchi's First Amendment claim.
 
 
 2
 Narumanchi is an American citizen of Asian Indian extraction and a tenured professor in the School of Business Economics at SCSU. His complaint alleges that the defendants-appellees have subjected him to disciplinary action on account both of his race and his vocal opposition to various policies and practices of the University. The disciplinary action included a two-week suspension without pay, which the University contends was imposed because of Narumanchi's refusal to permit a formal classroom evaluation following complaints from students that his classes were conducted in an unprofessional manner. Narumanchi also complains of actions allegedly taken by the defendants to prevent him from participating in various departmental administrative functions and "reprimands" from University officials allegedly damaging to his professional reputation.
 
 
 3
 On August 13, 1985, the Chairperson of the Department of Accounting at SCSU informed Narumanchi that his classroom teaching would be evaluated in accordance with Article 4.13 of the Collective Bargaining Agreement ("the Agreement") between the University and the Connecticut State University Association of American University Professors ("the Union"), the SCSU faculty's exclusive bargaining agent. However, Narumanchi refused to admit the faculty evaluation teams on a number of occasions, claiming that the evaluation procedures were in violation of the Agreement. On November 1, 1985, Narumanchi was warned by the Dean of the School of Business Economics, Alan H. Leader, that his actions constituted a serious breach of his responsibilities under the Agreement and that further refusals to cooperate would result in disciplinary measures. Dean Leader wrote to Narumanchi again on November 12 after yet another evaluation team had been refused entry to Narumanchi's classroom. This letter notified Narumanchi, pursuant to Article 15.3.2 of the Agreement, that the University intended to suspend him without pay for a period of two weeks as a result of his conduct. The letter quoted from the Agreement, stating that Narumanchi "may contest said intent to suspend through the grievance system beginning at Step 3" by filing a formal grievance within five days. A Step 3 hearing is presided over by the President of SCSU and the President of the Union and is final and binding when both concur in the appropriate disposition of the grievance. The Step 3 hearing was initially scheduled for November 26, 1985, and then postponed at Narumanchi's request until December 3, 1985. Narumanchi filed the pending action in the interim, and he failed to appear at the December 3 hearing. His absence from the December 3 proceeding was deemed a waiver of his grievance, and Narumanchi's suspension was imposed soon thereafter.
 
 
 4
 On defendants' motion for summary judgment, the District Judge permitted Narumanchi's Title VII claim to proceed to trial but dismissed his claims under the First and Fourteenth Amendments in light of Narumanchi's failure to utilize the grievance procedures provided in the Collective Bargaining Agreement. Narumanchi contends on appeal that this disposition is contrary to the rule of Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), which held that a plaintiff bringing suit under 42 U.S.C. Sec. 1983 is not required to exhaust state administrative remedies.
 
 
 5
 1. Due Process. Appellant's contention is without merit as it relates to the procedural due process claim because it misperceives the legal framework under which such a claim is analyzed. The analysis proceeds in two steps. The threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). If a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process. The second step of the analysis thus asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review. See Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
 
 
 6
 In the present case, the District Judge adhered to this framework. Judge Dorsey did not dismiss Narumanchi's due process claim as a threshold matter on "exhaustion of remedies" grounds. Rather, after properly determining that SCSU's decision to suspend Narumanchi without pay implicated a protected property interest, see Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Bailey v. Kirk, 777 F.2d 567 (10th Cir.1985), the Judge found that the grievance procedures contained in the Agreement provided whatever process Narumanchi was due as a matter of federal law. Patsy is irrelevant to this holding. See Campo v. New York City Employees' Retirement System, 843 F.2d 96, 103 (2d Cir.1988); Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir.1988); Lewis v. Hillsborough Transit Authority, 726 F.2d 668, 669-70 (11th Cir.) (per curiam) (denying petition for rehearing), cert. denied, 469 U.S. 822, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984).
 
 
 7
 The conclusion should hardly be surprising that the limited procedural rights guaranteed under the circumstances of this case are satisfied by the pre-deprivation notice and hearing rights provided in the grievance procedures under the Agreement. See Costello v. Town of Fairfield, 811 F.2d 782, 786 (2d Cir.1987) (Van Graafeiland, J., concurring) (finding post-deprivation arbitration of grievances under collective bargaining agreement satisfied due process); Lewis v. Hillsborough Transit Authority, 726 F.2d 664, 667 (11th Cir.1983) (per curiam), reh'g denied, 726 F.2d 668, cert. denied, 469 U.S. 822, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984); Jackson v. Temple University, 721 F.2d 931, 933 (3d Cir.1983); Winston v. United States Postal Service, 585 F.2d 198, 209-10 (7th Cir.1978). Narumanchi has not asserted any reasonable basis for finding the grievance procedures inadequate. His assertion of inevitable bias and partiality in a forum whose composition is specified by the terms of a collective bargaining agreement is unsupported. Narumanchi's failure to submit to the grievance procedures precludes consideration of the fairness of those proceedings in practice. Cf. Parrett v. City of Connersville, 737 F.2d 690, 697 (7th Cir.1984) (finding that union grievance machinery, though not "inherently inadequate," did not satisfy due process "as administered in the present case"), cert. dismissed, 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). Dismissal of appellant's due process claim was proper under the circumstances of this case.
 
 
 8
 2. First Amendment. The dismissal of appellant's First Amendment claim rests upon a different footing. The claim is based on Narumanchi's allegations that the disciplinary action taken against him was motivated in part by his vocal opposition to the reorganization of the SCSU School of Business Economics and to the renewal of Professor Martha F. O'Hara's employment at SCSU. The District Court initially considered the sufficiency of this claim under the test set forth in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), and found that Narumanchi had made an adequate showing that (a) his speech dealt with issues of "public concern," (b) on balance, it appeared that the speech did not compromise the efficient functioning of the University, and (c) it could be found that the speech was a substantial or motivating cause of the adverse action, see Mt. Healthy Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Judge Dorsey concluded that Narumanchi "has sufficiently pleaded a first amendment claim." Ruling of October 2, 1986, at 12. Nevertheless, the Judge dismissed the First Amendment claim as "premature," applying the same reasoning used to dismiss the due process claim discussed earlier.
 
 
 9
 Dismissal of the First Amendment claim was error. First Amendment rights, in contrast to those rights protected by the procedural component of the Due Process Clause, are substantive in nature. As such, they may not be infringed regardless of the procedural "protection" accompanying the deprivation. "It is no defense to a claim of infringement of the liberties protected by the First Amendment that the procedure was fair, but it is a defense to a claim of deprivation of property, since such a deprivation is permitted by the due process clause provided there is no denial of due process." Parrett v. City of Connersville, supra, 737 F.2d at 697. Nor is it permissible, in light of Patsy v. Board of Regents, supra, to require initial recourse to available state proceedings, including union grievance proceedings, for the enforcement of First Amendment rights protectable in federal court pursuant to section 1983. See Clark v. Yosemite Community College District, 785 F.2d 781, 790 (9th Cir.1986); Hochman v. Board of Education, 534 F.2d 1094 (3d Cir.1976).
 
 
 10
 The judgment of the District Court dismissing the Fourteenth Amendment procedural due process claim is affirmed. Dismissal of the First Amendment claim is reversed, and the case is remanded for further proceedings.