Joseph M. WHITING, Plaintiff,

v.

The INCORPORATED VILLAGE OF OLD BROOKVILLE, The Old Brookville Board of Police Commissioners, and Chief Charles K. Smith, Ltn. John Post and Ltn. Maurice Sullivan, individually and as members of the Old Brookville Police Department, Defendants.

No. 96 CV 3442(ADS).

United States District Court, E.D. New York.

July 20, 1998.

Lacara & Galvez, P.C., West Sayville, New York, by Garrett Lacara, of counsel, for Joseph M. Whiting.

Thurm & Heller, New York City, by Milton Thurm, of counsel, Steven T. Sledzik, of counsel, for Incorporated Village of Old Brookville and the Old Brookville Board of Police Commissioners.

Hopkins, Kopilow & Weil, Garden City, New York, by Stanley R. Kopilow, of counsel, for Chief Charles K. Smith, Lt. John Post and Lt. Maurice Sullivan.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises from the claims of a discharged police officer, Joseph M. Whiting ("Whiting" or "the plaintiff") against the defendants, the Incorporated Village of Old Brookville, the .Old Brookville Board of Police Commissioners, Chief Charles K. Smith, and Lieutenants John Post and Maurice Sullivan, for alleged violations of 42 U.S.C. § 1983 ("Section 1983"). Presently before the Court is the plaintiff's motion for leave to file an amended complaint pursuant to Rule 15(a), brought by order to show cause approximately two weeks after a jury was selected on June 22, 1998. The proposed amended complaint adds the following two causes of action: (1) denial of due process by the defendants' alleged failure to provide him with the rules and regulations of the Department; and (2) "breach of contract" stemming from the defendants' purported failure to afford the plaintiff the "good faith and fair dealing" inherent in his "non at-will" employment contract, with the "contract" arising from the rights afforded him under New York Civil Service Law § 75 and Village Law § 8–804.

## I. BACKGROUND

In a Memorandum of Decision and Order dated June 17, 1998, the Court granted the defendants' motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure with respect to the following claims: (1) the Third Cause of Action based on violations of the NYCRL; (2) *§ 1983/procedural due process*, stemming from the discharge hearing before Hearing Officer Goodwin; (3) *§ 1983/illegal detention;* (4) *§ 1983/physical abuse;* (5) *§ 1983/equal protection*, based on defendants' supposed creation of a ethnicity-based hostile work environment; and (6) *§ 1983/equal protection*, based on defendants' supposed creation of a race-based hostile work environment.

In dismissing the causes of action for the denial of procedural due process during the disciplinary hearing which eventually led to Whiting's dismissal, the Court stated that "the availability of Article 78 review precludes the plaintiff's due process claim." This Court noted that in *Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877 (2d Cir.1996), and *Marino v. Ameruso*, 837 F.2d 45 (2d Cir. 1988), the Second Circuit held that in the employment context, an aggrieved plaintiff is entitled only to a disciplinary hearing, which Whiting received, and that the availability of Article 78 review in state court bars plaintiff's procedural due process claims. The Court emphasized that "since an Article 78 proceeding—the exact post-deprivation review deemed adequate in *Marino*—was accessible to the plaintiff *and, in fact, utilized by him,* the Section 1983 due process claim must be dismissed."

In addition, the Court concluded that the following claims are time barred: (1) *§ 1983/equal protection*, based on defendants' supposed creation of a ethnicity-based hostile work environment; (2) *§ 1983/equal protection*, arising from the defendants' supposed

creation of a race-based hostile work environment; (3) *§ 1983/illegal detention;* and (4) *§ 1983/physical abuse.* After noting that claims brought under Section 1983 are subject to New York's three year statute of limitations (*see Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35 [2d Cir.1996]), the Court concluded that these claims were barred, since they occurred more than three ears prior to July 11, 1996, the date when Whiting initiated this lawsuit.

## II. DISCUSSION

### A. Rule 15(a): The Standard

■ Rule 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." *See also Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995); *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Nevertheless, leave to amend is not granted automatically or reflexively. The Supreme Court stated in *Foman* that denial of a Rule 15(a) motion may be appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] *futility of the amendment....*" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (emphasis supplied); *accord Zahra,* 48 F.3d at 685; *Block,* 988 F.2d at 350; *Ruffolo v. Oppenheimer & Company,* 987 F.2d 129, 131 (2d Cir.1993) (where granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend).

■ Applying the standards set forth in *Foman* and its progeny, the Court finds that the proposed amendments to the Complaint would be futile. This Court already has decided that the plaintiff cannot bring a due process claim, and, in the final analysis, the proposed amendments amount to nothing more than due process claims.

The first proposed cause of action—sounding in denial of due process for failure to provide Whiting with the rules and regulations of the Department—is virtually indistinguishable in nature from the other due process claims this Court previously dismissed. This claim, too, could have been raised in the State Court Article 78 proceeding, although the plaintiff apparently declined to do so. Since there was an adequate procedure in State Court to review the denial of process associated with the alleged withholding of the rules, this proposed claim inevitably would meet the same fate as the failed due process claims in the complaint. Moreover, to the extent this claim rests on his allegation that on May 14, 1993, the Police Department denied his three Freedom of Information Law ("FOIL") requests for the rules, it is barred by the three-year statute of limitations. In addition, the Court doubts that the aim rises to the level of a constitutional violation, in any event.

As for the plaintiff's proposed "breach of contract" claim, the Court finds that it, too, would be a futile amendment. As a fundamental matter, the Court notes that the plaintiff has not pointed to any contract which was breached. The existence of a contract is, of course, an essential element of a breach of contract claim. The only "contractual right" alluded to is New York Civil Service Law § 75 and Village Law § 8–804. Both of these *statutory* —as opposed to *contractual* —provisions relate to the rights of certain public employees to disciplinary hearings and related protections prior to being discharged or disciplined. Obviously, therefore, the proposed claims are for deprivation of the procedural due process afforded public employees under these statutes. Whiting's effort to label these alleged statutory violations as "contract claims" is nothing more than a thinly-veiled effort to revive his failed due process claims. The Court will not permit Whiting to accomplish such an end-run around its earlier opinion dismissing those claims.

Finally, the Court observes that Whiting's counsel has not filed a notice of appearance, despite the Court's repeated direction that he do so. Plaintiff's attorney is instructed to file a notice of appearance on or before July 20, 1998, at 5:00 p.m., or risk dismissal of this case with prejudice.

## III. CONCLUSION

After reviewing the parties' submissions, and affording the opportunity for oral argument, and for the reasons stated above, it is hereby

**ORDERED,** that the plaintiff's motion for leave to file an amended complaint is denied; and it is further

**ORDERED,** that the plaintiff's attorney shall file a notice of appearance on or before July 20, 1998, at 5:00 p.m., and in the event he fails to do so the Court may dismiss this case with prejudice.

**SO ORDERED.**