Joseph M. WHITING, Plaintiff–
Appellant,

v.

THE OLD BROOKVILLE BOARD OF
POLICE COMMISSIONERS, Charles
K. Smith, Chief and Maurice Sullivan,
Lieut., Individually and as Members
of The Old Brookville Police Depart-
ment, Defendants–Appellees.

No. 00–7211.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2001.

Joseph M. Whiting, pro se.

L. Lynnette Sarno, Thurm & Heller, LLP, New York, NY; representing The Old Brookville Board of Police Commissioners, and Stanley Kopilow, Hopkins, Kopilow & Weil, Garden City, NY; representing Charles K. Smith and Maurice Sullivan; Milton Thurm and Claudia Schoenberg, on the brief, for defendants-appellees.

Present Van GRAAFEILAND, WINTER and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Joseph M. Whiting, who was represented by counsel below and now appeals *pro se*, brought suit in the United States District Court for the Eastern District of New York (Spatt, *Judge*) asserting various claims arising from his termination as a police officer in Old Brookville, New York. The district court granted summary judgment to defendants on plaintiff's claim that the disciplinary proceedings leading to his termination deprived him of the due process guaranteed by the Fourteenth Amendment. A number of Whiting's other claims, as well as several defendants, were voluntarily dismissed. After the district court granted summary judgment to defendant John Post, the case proceeded to trial on Whiting's remaining claim that defendants-appellees violated his First Amendment right to free speech by terminating him in retaliation for his statements on matters of public concern. The trial resulted in a jury verdict for the defendants-appellees. Whiting appeals the district court's summary judgment decisions,[1] a number of its discovery and evidentiary rulings, and the court's failure to require Stanley Kopilow, attorney for the individual defendants, to withdraw from the case. We affirm.

◼ The district court properly granted summary judgment on Whiting's due process claims. The essence of his claims below was that, though the decision to terminate him was made after a four-day hearing at which he could call his own witnesses and confront his accusers, the deck was nonetheless stacked against him in a number of ways, including the selection of the hearing officer and a number of evidentiary rulings by that officer. Whiting's complaint, in other words, is not with the rules governing the process due under New York law to a police officer facing

---

1. Although Whiting appeals from the district court's dismissal of John Post as a defendant, Post's name does not appear in the official caption as an appellee, apparently because the district court removed his name from the caption at the time he was dismissed as a defendant, and Post has not participated in this appeal. We need not take any action in this regard, however, because it is plain from appellant's briefing and the record before us that the district court's dismissal of Post was wholly proper.

termination but is exclusively with the manner in which those rules were applied in his case. As the district court correctly recognized, any alleged errors committed by the persons investigating and adjudicating the charges against Whiting cannot themselves constitute a denial of due process since New York's Article 78 procedure provides Whiting a further opportunity for judicial review of those errors. *See Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir.1988) (holding that there was no due process violation where plaintiff attacked an "ALJs allegedly erroneous evidentiary ruling" but neither claimed that the error was authorized by state law nor that "the state's procedures for correcting any such error after the fact were inadequate"); *see also Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir.1996). Here, there is no dispute that Whiting was able to, and in fact did, challenge the conduct of his hearing in an Article 78 proceeding. And Whiting makes no claim that such a proceeding was inadequate to rectify any errors in his hearing. Accordingly, this case is indistinguishable from *Marino*, and, as in that case, plaintiff has failed, as a matter of law, to show that he was deprived of due process.

■ Nor do we find any error in the district court's decision, early in the case, to quash plaintiff's attempts to discover evidence concerning defendant Sullivan's alleged drug use. At the time Judge Spatt made this decision, plaintiff's counsel had repeatedly confirmed that he sought this discovery solely in aid of the theory that the police department's desire to suppress allegations of Sullivan's drug use motivated the denial of due process to Whiting. Given these arguments, the limits imposed by the district court did not constitute an abuse of discretion. *See Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir.1994) (stating

standard of review). We note that new counsel for Whiting later switched gears and pursued a First Amendment retaliation claim premised on the same facts first alleged as background to the due process claims: that defendants acted to suppress Whiting's accusations against Sullivan. There is no dispute that under this new theory, which ultimately went to trial, inquiry into Sullivan's drug use *was* relevant, but plaintiff never requested that Judge Spatt reconsider his discovery ruling in light of the changed theory of the case. Accordingly, Whiting cannot now complain of a decision that was permissible at the time it was made.

■ Appellant also challenges a number of the district court's trial rulings on evidentiary matters. In deciding to bar cross-examination concerning defendant Smith's 26 year old disciplinary citations for falsifying administrative records, the district court reversed its initial decision to permit the questioning, a reversal that may have been inordinately influenced by the court's consideration of Federal Rule of Evidence 609's stringent standard for admission of stale criminal convictions. A 16 *Compare* Fed.R.Evid. 609(b) (barring *evidence of convictions* more than ten years old unless their probative value "substantially outweigh[s]" any prejudice) *with* Fed.R.Evid. 403 (permitting exclusion of *other relevant evidence* if unfair prejudice "substantially outweighs" probative value); *see also Zinman v. Black & Decker (U.S.), Inc.* 983 F.2d 431, 434 (2d Cir. 1993) ("[C]onvictions over ten years old [are to] be admitted very rarely and only in exceptional circumstances." (internal quotation marks and citation omitted)). Rule 609 plainly did not apply because no criminal conviction was involved, *see United States v. Werbrouck*, 589 F.2d 273, 277–78 (7th Cir.1978). As a result, plaintiff's counsel's attempts to elicit information

**14**

about the disciplinary violations through cross-examination should have been analyzed under Rule 608(b) (barring, for purposes of impeachment, extrinsic evidence of past instances of misconduct but permitting, in the district court's discretion, cross-examination concerning that misconduct). Nonetheless, Judge Spatt ultimately based his decision to bar inquiry into the topic on the balance of the various competing considerations, and in particular on the extreme remoteness in time of the conduct at issue. We find no abuse of discretion in that decision.

■ The district court properly admitted police records containing witness statements concerning the alleged misconduct leading to Whiting's termination. These statements were admitted not for their truth but for their effect on defendants' state of mind in pursuing charges against Whiting, and were therefore not hearsay. We, therefore, need not address whether the business records exception to the hearsay rule would have applied only to the top layer of hearsay (the statement that witnesses made certain statements) or to the bottom layer as well (the witness statements themselves).

■ Finally, we need not consider whether Kopilow should have been disqualified as counsel to the individual defendants on account of his partner's testimony and his own potential role as a fact witness. See 22 N.Y.C.R.R. § 1200.21(C) (Code of Professional Responsibility, Disciplinary Rule 5–102(C)) (requiring, with certain exceptions, an attorney to withdraw as counsel when "a lawyer learns or

it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client"). By failing to seek Kopilow's disqualification in the district court, plaintiff waived any objection, at least with respect to remedies affecting the conduct of the trial, to Kopilow's participation. See Tucker v. Outwater, 118 F.3d 930, 935 (2d Cir.1997) ("As a general matter, a federal appellate court does not consider an issue not passed upon below ... [except] when necessary to avoid manifest injustice, or where there is some extraordinary need to consider appellant's claim." (internal quotation marks and citations omitted)). Indeed, plaintiff's counsel specifically stated that he had considered bringing such a disqualification motion, but instead chose to accept the district court's less extreme remedy of limiting a line of questioning that potentially implicated Kopilow's knowledge of relevant facts. Cf. Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir.1994) (rejecting an argument for disqualification that had not been raised below and noting that the potential testimony of the attorney in question "might have been useful, [but] was not necessary").

Having considered these and all of appellant's other contentions, we find them to lack merit. Accordingly, we AFFIRM the judgment of the district court.[2]

2. Whiting has filed a motion requesting that this court relinquish jurisdiction in order that he may file a Rule 60(b) motion in the district court. In light of our decision today, we deny as no longer germane, and hence moot, his motion that we relinquish jurisdiction. Because, however, plaintiff claims that court personnel instructed him that he could not

pursue his Rule 60(b) motion without first obtaining permission from this court, we note that the district court is permitted to entertain, and to deny, a Rule 60(b) motion during the pendency of an appeal. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). Only when the district court, having entertained the motion, expresses an inclina-

tion to grant it does our consent become necessary to establish the requisite jurisdiction in the court below, so that the motion can be granted. *See id.*