**Randall KNIGHT, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Police Department, Rudolph Guiliani, as former Mayor of the City of New York, Bernard Kerrick, Former Police Commissioner of the City of New York, Glen Dottavio, Charles Stravelle, Christopher Dennis, Thomas Commins, Gregory Mangini, Robert Oldham, James Cavuto, and William Rostkowski, individually and in their official capacities, Defendants–Appellees.**

No. 04–1688–CV.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2005.

Jonathan C. Moore, Moore & Goodman, LLP, New York, NY, (David Milton, for Plaintiff–Appellant, of counsel.

Scott Shorr, City of New York, Law Department, New York, NY, (Michael A. Cardozo, Corporation, Counsel of the City of New York, on the brief, and Barry P., Schwartz, for Defendants–Appellees, of counsel.

Present: OAKES, JACOBS, and SACK, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Randall Knight ("Knight") appeals from a judgment entered on February 24, 2004 in the United States District Court for the Southern District of New York (Chin, *J.*) granting defendants-appellees' motion for summary judgment as to all claims. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Knight has abandoned all his claims against defendants, except for his retaliation claim, brought pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. *See Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir.2005); Rule 28(a)(9), Fed. R.App. P.

This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998).

Knight has failed to make out a *prima facie* case of retaliation. He has adduced no admissible evidence to demonstrate temporal proximity between his January 1999 filing of a sexual harassment charge with the New York City Police Department's Office of Equal Opportunity (his sole protected activity) and any adverse employment opportunity. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001); *Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 66 (2d Cir.1998).

And, even if Knight did make out a *prima facie* case of retaliation—which he

has not—he concedes that defendants have articulate legitimate nondiscriminatory reasons for the adverse actions he suffered. *See* Appellant's Brief at 42; *see also Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir.1998).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**