*925 Prior to joinder of issue, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. In the first order appealed from, the Supreme Court, among other things, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the seventh cause of action alleging discrimination in violation of Civil Rights Law § 79-i, and converted those branches of the defendants’ motion which were to dismiss the first, third, fourth, fifth, sixth, and eighth causes of action into a motion for summary judgment dismissing those causes of action and directed the parties to provide the court with additional submissions in support of, or in opposition to, the converted motion within 30 days of entry of the order. In the second order appealed from, upon the parties’ additional submissions, the Supreme Court, inter alia, granted the defendants’ converted motion for summary judgment dismissing the first, third, fourth, fifth, sixth, and eighth causes of action.
Contrary to the plaintiffs contention, the Supreme Court correctly determined that there is no private right of action under Civil Rights Law § 79-i (see Larson v Albany Med. Ctr., 173 Misc 2d 508 [1997], mod 252 AD2d 936 [1998]; see also Whiting v Incorporated Vil. of Old Brookville, 8 F Supp 2d 202, 212 [ED NY 1998], affd 4 Fed Appx 11 [2d Cir 2001]; Poughkeepsie Police Benevolent Assn, v City of Poughkeepsie, 184 AD2d 501, 501 *926 [2001]; Simpson v New York City Tr. Auth., 112 AD2d 89, 90-91 [1985], affd 66 NY2d 1010 [1985]; Carpenter v City of Plattsburgh, 105 AD2d 295, 299 [1985], affd 66 NY2d 791 [1985]; see generally Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 40 [1999]; Mark G. v Sabol, 93 NY2d 710, 720 [1999]; cf. Executive Law § 297 [9]; Civil Rights Law §§ 40-d, 51). Accordingly, the court properly granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the seventh cause of action.
Moreover, contrary to the plaintiffs contentions, under the circumstances presented here, the Supreme Court did not err in determining the defendants’ converted motion for summary judgment without affording her the benefit of discovery (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp., 197 AD2d 563, 563 [1993]; cf. Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Vecere v Estate of Arnold Berle, 91 AD3d 637, 637-638 [2012]).
Turning to the merits of the defendants’ converted summary judgment motion, first, contrary to the plaintiffs contention, the Supreme Court properly granted those branches of the motion which were for summary judgment dismissing the third and fifth causes of action, which alleged discrimination in violation of Executive Law § 296 (1) (a) and Administrative Code § 8-107 (1) (a). With respect to the Executive Law § 296 (1) (a) claim, the defendants made a prima facie showing that the plaintiff did not suffer an adverse employment action (see Burlington Industries, Inc. v Ellerth, 524 US 742, 761 [1998]; Honey v County of Rockland, 200 F Supp 2d 311, 320 [2002]; Matter of Block v Gatling, 84 AD3d 445, 445 [2011]; see generally Furfero v St. John’s Univ., 94 AD3d 695, 696-697 [2012]) and, in any event, offered legitimate, nondiscriminatory reasons for their challenged actions and demonstrated that there are no material issues of fact as to whether those explanations were pretextual (see Furfero v St. John’s Univ., 94 AD3d at 697). In opposition to this showing, the plaintiff failed to raise a triable issue of fact as to whether she suffered an adverse employment action and whether the reasons proffered by the defendants for their challenged actions were merely pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Bailey v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 123 [2007]; see also Melman v Montefiore Med. Ctr., 98 AD3d 107, 120-121 [2012]; loele v Alden Press, 145 AD2d 29, 37 [1989]; Mejia v Roosevelt Is. Med. Assoc., 31 Misc 3d 1206 [A], 2011 NY Slip Op 50506 [U] [2011], *4, affd 95 AD3d 570 [2012]; cf. generally *927 Brathwaite v Frankel, 98 AD3d 444 [2012]). With respect to the plaintiffs Administrative Code § 8-107 (1) (a) claim, the defendants made a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions (see Furfero v St. John’s Univ., 94 AD3d at 697; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 39-40, 45 [2011]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants’ proffered reasons for their challenged actions were false (see Furfero v St. John’s Univ., 94 AD3d at 697; Bennett v Health Mgt. Sys., Inc., 92 AD3d at 45; see also Melman v Montefiore Med. Ctr., 98 AD3d at 120-121).
Furthermore, the Supreme Court properly granted those branches of the defendants’ converted motion which were for summary judgment dismissing the fourth and sixth causes of action, which alleged retaliation in violation of Executive Law § 296 (7) and Administrative Code § 8-107 (7). With respect to the plaintiffs Executive Law § 296 (7) claim, in opposition to the defendants’ prima facie showing that the plaintiff did not participate in a protected activity by opposing discrimination and, even assuming that she did participate in a protected activity, that the defendants did not subject her to any adverse action (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-53 [2012]), the plaintiff failed to raise a triable issue of fact (see Burlington N. & S. F. R. Co. v White, 548 US 53, 68-69 [2006]; Forrest v Jewish Guild for the Blind, 3 NY3d at 313; Melman v Montefiore Med. Ctr., 98 AD3d at 126-127; Forrest v Jewish Guild for Blind, 309 AD2d 546, 558 [2003], affd 3 NY3d 295 [2004]; cf. Knight v City of New York, 303 F Supp 2d 485, 496 [SD NY 2004], affd 147 Fed Appx 221 [2d Cir 2005]; Fletcher v Dakota, Inc., 99 AD3d at 51-53). With respect to the plaintiffs Administrative Code § 8-107 (7) claim, in opposition to the defendants’ prima facie showing that the plaintiff did not participate in a protected activity by opposing discrimination and, even assuming that she did participate in a protected activity, that the defendants did not take any action that disadvantaged her (see Fletcher v Dakota, Inc., 99 AD3d at 51-53), the plaintiff failed to raise a triable issue of fact (cf. Albunio v City of New York, 16 NY3d 472, 479 [2011]; Fletcher v Dakota, Inc., 99 AD3d at 51-53).
Contrary to the plaintiff’s contention, the Supreme Court properly granted that branch of the defendants’ converted motion which was for summary judgment dismissing the eighth cause of action, which alleged intentional infliction of emotional distress. In opposition to the defendants’ prima facie showing that they did not engage in extreme and outrageous conduct *928 {see Howell v New York Post Co., 81 NY2d 115, 121-122 [1993]), the plaintiff failed to raise a triable issue of fact.
Moreover, the Supreme Court properly granted that branch of the defendants’ converted motion which was for summary judgment dismissing the first cause of action, which alleged discrimination in violation of the New York Constitution, article I, § 11 (see Brown v State of New York, 89 NY2d 172, 190 [1996]; People v Kern, 75 NY2d 638, 651 [1990], cert denied 498 US 824 [1990]).
The plaintiff’s remaining contentions are without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.