811 F.2d 782
 124 L.R.R.M. (BNA) 2741
 Anthony COSTELLO, Rudolph Costello and Robert Dunn,
Plaintiffs-Appellants, Cross-Appellees,
v.
TOWN OF FAIRFIELD, Jacquelyn C. Durrell, Edward T.
Patterson, Defendants- Appellees, Cross-Appellants.
 Nos. 392, 393, Dockets 86-7632, 86-7654.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 20, 1986.
Decided Feb. 12, 1987.
 
 Gary A. Mastronardi, Bridgeport, Conn. (Linderman & Mastronardi, Bridgeport, Ct.), for plaintiffs-appellants, cross-appellees.
 Donal C. Collimore, Fairfield, Conn., for defendants-appellees, cross-appellants.
 Before TIMBERS, VAN GRAAFEILAND, PIERCE, Circuit Judges.
 PIERCE, Circuit Judge:
 
 
 1
 In August 1984, appellees Durrell and Patterson, in their capacity as representatives of appellee Town of Fairfield, entered into a collective bargaining agreement with the International Brotherhood of Police Officers, the labor union which represented the appellants. The terms of the contract applied retroactively over the two year period from July 1, 1983 through June 30, 1985 and provided for an eleven percent increase in two increments: six and one-half percent from July 1, 1983 to December 31, 1984 and four and one-half percent from January 1, 1985 through June 30, 1985. When the contract was signed, appellants were still employed and were employees eligible for benefits under the collective bargaining agreement.
 
 
 2
 In September 1984, appellants retired and received a retirement benefit under the Fairfield Police and Firemen's Retirement System based on a percentage of their "basic annual salary." "Basic annual salary" is defined as "annual base salary, including annual longevity pay, which a member is receiving, or which he is entitled to receive, at the time of his retirement." In January 1985, when the additional four and one-half percent increase became effective, appellants requested that the Town of Fairfield increase their retirement benefits accordingly. The Town informed appellants that the increment did not apply to them.
 
 
 3
 In January 1985, appellants commenced this section 1983 action alleging, inter alia, that the appellees, acting under color of state law, arbitrarily and capriciously deprived them of a property right guaranteed by the fourteenth amendment by denying them an increase in their retirement benefits pursuant to the wage increase secured by the collective bargaining agreement. Appellees counterclaimed alleging that appellants' claim against them constituted vexatious litigation. Appellees moved to dismiss and appellants cross-moved for summary judgment. Finding that plaintiffs' claim failed to allege a constitutional deprivation, the district court granted appellees' motion to dismiss for failure to state a claim for relief under section 1983 and denied appellants' cross-motion for summary judgment. Thereafter, the district court granted appellants' motion for reconsideration and then affirmed its earlier ruling, holding that the basis for appellants' claims is grounded in a breach of contract and not a denial of due process.
 
 
 4
 When reviewing the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6), we may uphold the dismissal only when proof of the facts alleged in the complaint clearly would not support the plaintiff's claim for relief. Dwyer v. Regan, 777 F.2d 825, 828-29 (2d Cir.1985) (citations omitted), modified, 793 F.2d 457 (1986). Moreover, we must accept as true the material allegations in the complaint. Id. We have applied these principles quite strictly in cases involving civil rights violations. Id.; Washington v. James, 782 F.2d 1134, 1138 (2d Cir.1986); Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir.), cert. denied, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). However, even assuming that appellants are entitled to increased retirement benefits because of the wage increase in the collective bargaining agreement, we do not believe that appellants have satisfied the requirements of a cause of action under section 1983.
 
 
 5
 To state a claim under section 1983, a complaint must allege that the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States and that such deprivation was committed by persons acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); Dwyer, 777 F.2d at 828. Where, as here, the right alleged to have been denied is protected by the fourteenth amendment, the plaintiffs must establish that the deprivation was without due process of law. Gendalia v. Gioffre, 606 F.Supp. 363, 366 (S.D.N.Y.1985).
 
 
 6
 We reject appellants' argument that Basciano v. Herkimer, 605 F.2d 605 (2d Cir.1978), cert. denied, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979), is dispositive of the issue in this case. In Basciano, we held that an interest in disability retirement benefits is protected by due process. In that case, however, the plaintiff alleged that the City's procedure to determine whether he was entitled to any disability retirement benefits, a procedure plaintiff had exhausted, deprived him of due process. Unlike Basciano, appellants here have not been denied their basic retirement benefits. Appellants have been receiving their pensions and merely dispute the lack of an increase they claim is due them under the collective bargaining agreement. Indeed, before undertaking to determine if there is an entitlement to an increase herein, there first should be a resolution of the dispute concerning whether the claimed increase is due. Clearly, it is the interpretation of a contract term that is at issue here and the appellants have pursued this contract dispute in the district court under the guise of a due process violation. A contract dispute, however, does not give rise to a cause of action under section 1983. Braden v. Texas A & M University System, 636 F.2d 90, 92-93 (5th Cir.1981); Waltentas v. Lipper, 636 F.Supp. 331, 335 (S.D.N.Y.1986); Gendalia, 606 F.Supp. at 366 (citations omitted).
 
 
 7
 Even if we were to consider the increased benefits an entitlement, we find no denial of due process because adequate post-deprivation remedies were available to appellants. See Hudson v. Palmer, 468 U.S. 517, 531, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 544, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Appellants did not avail themselves of the grievance procedure established in the collective bargaining agreement. Under this procedure appellants may have been able to pursue their claim for additional benefits at progressive levels, culminating in binding arbitration by the Connecticut State Board of Mediation and Arbitration. At this time, we reject appellants' argument that the grievance procedure is an ineffective post-deprivation remedy. The grievance procedure outlined in the collective bargaining agreement sets forth a multi-step process designed to address disputes arising between the Union, or any employee, with the Town of Fairfield relating to the collective bargaining agreement. Indeed, the grievance section of the collective bargaining agreement states that disputes "concerning wages" should be resolved in accordance with the grievance procedure. Since appellants' underlying claims are directly linked to the wage increase set forth in the collective bargaining agreement, the logical starting point for appellants to proceed with their claims is the grievance process. Cf. School Administrators Association of New Haven v. Dow, 200 Conn. 376, 382, 511 A.2d 1012, 1015 (1986) ("as a matter of state law, parties to a Collective Bargaining Agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to Court").
 
 
 8
 Finally, we agree with the determination of the district court ordering summary judgment in favor of the retirees with respect to the cross-appeal. As the district court noted, the appellants had a plausible contract claim; a claim of vexatious litigation cannot stand, when, as here, a bona fide dispute exists.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 VAN GRAAFEILAND, Circuit Judge, concurring:
 
 10
 I concur in the result reached by my colleagues. However, I do so by a slightly different line of reasoning.
 
 
 11
 At the outset, it must be noted that appellants do not rely solely on alleged breach of contract in their claim against the Town. Appellants also make a separate and distinct claim that the Town calculated their pension without giving them "adequate notice, and an opportunity to be heard, at a meaningful time and in a meaningful manner." Appellants consistently have taken the position that the grievance procedure provided in their collective bargaining agreement failed to afford them due process of law. Those allegations allege a colorable claim for the deprivation of property without due process, and are not merely breach of contract claims, "even though the property interest is alleged to be founded on a contract." Braden v. Texas A & M University System, 636 F.2d 90, 93 (5th Cir.1981) (per curiam).
 
 
 12
 I do not believe that appellants must exhaust the grievance procedure provided in their collective bargaining agreement before seeking judicial review of the constitutionality of that procedure under 42 U.S.C. Sec. 1983. In keeping with the general rule that section 1983 does not require exhaustion of state administrative remedies, Patsy v. Board of Regents of the State of Florida, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), a municipal employee is not required to pursue collectively-bargained-for grievance procedures before filing suit under section 1983 to challenge the constitutional sufficiency of those grievance procedures. Lewis v. Hillsborough Transit Authority, 726 F.2d 668 (11th Cir.) (per curiam), cert. denied, 469 U.S. 822, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984). There is nothing in School Administrators Association v. Dow, 200 Conn. 376, 511 A.2d 1012 (1986), to indicate that Connecticut State courts would hold otherwise. On the contrary, the Connecticut Supreme Court, on at least two occasions, has held that a party raising a federal constitutional claim under section 1983 need not comply with the State's otherwise rigorous rules requiring the exhaustion of statutory administrative remedies, Laurel Park, Inc. v. Pac, 194 Conn. 677, 689-90, 485 A.2d 1272 (1984), or contractual remedies for the arbitration of grievances. Fetterman v. University of Connecticut, 192 Conn. 539, 549-50, 473 A.2d 1176 (1984). In Fetterman, under facts remarkably close to the case now before us, the court held that a former public employee was not required to pursue the arbitration procedure under her collective bargaining agreement before litigating a section 1983 claim that she was denied her contractual salary and fringe benefits without a hearing. Id. at 548, 473 A.2d 1176. Since appellants clearly would not have been required to exhaust their State administrative remedies before bringing this section 1983 action in a Connecticut State court, it would be anomalous indeed for this court to insist upon the exhaustion of those remedies, and I would not do so.
 
 
 13
 A person's interest in a benefit is a "property" interest for due process purposes if it is supported by contractual or statutory language that might be invoked at a hearing, even where it has not yet been shown that the person is, in fact, within the statutory or contractual terms of eligibility. Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Fuentes v. Shevin, 407 U.S. 67, 87, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556 (1972); see also Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978). Thus, in Basciano v. Herkimer, 605 F.2d 605 (2d Cir.1978), cert. denied, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979), this Court held that a former municipal employee had a property interest in his potential eligibility for disability benefits under a municipal retirement system, even though this Court ultimately sustained the City's determination that Basciano was not, in fact, entitled to such benefits under the plan.
 
 
 14
 On the basis of the foregoing authorities, I would conclude that appellants' claim of entitlement to an increase in their pension is based on a plausible interpretation of their contract, and therefore amounts to a "property" interest entitled to the procedural protections of the Fourteenth Amendment. I believe this is so, despite the fact that appellants already are receiving most of the pension which they allegedly are owed. The severity of appellants' deprivation is relevant to the form of notice and hearing required by due process; it does not alter the fact that the property withheld from them, since it was not de minimis, was entitled to some sort of due process protection. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 606-08, 95 S.Ct. 719, 722-23, 42 L.Ed.2d 751 (1975); Goss v. Lopez, 419 U.S. 565, 575-76, 95 S.Ct. 729, 736-37, 42 L.Ed.2d 725 (1975); Fuentes v. Shevin, supra, 407 U.S. at 90 & n. 21, 92 S.Ct. at 1999 & n. 21.
 
 
 15
 Having said that, I would hold that appellants were accorded all the process they were due. It is well settled that a procedure for post-deprivation arbitration of grievances created under a collective bargaining agreement may, in appropriate circumstances, satisfy the requirements of due process. Parrett v. City of Connersville, 737 F.2d 690, 696 (7th Cir.1984), cert. dismissed, 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985); Lewis v. Hillsborough Transit Authority, supra, 726 F.2d at 669; Jackson v. Temple University, 721 F.2d 931 (3d Cir.1983). That is the case here.
 
 
 16
 In determining whether post-deprivation process will suffice for purposes of due process, we must look to the nature of the private interest that will be affected and the effect of an erroneous deprivation of such interest. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). The property interest at stake here amounts to a relatively small fraction of the pension that allegedly is owed appellants. Since appellants already are receiving most of the benefits they seek, the property interest here is significantly less compelling than that of an individual who has been denied the very means by which to live. See Signet Construction Corp. v. Borg, 775 F.2d 486, 491 (2d Cir.1985); Oberlander v. Perales, 740 F.2d 116, 121 (2d Cir.1984); Basciano v. Herkimer, supra, 605 F.2d at 609-10.
 
 
 17
 Moreover, pre-deprivation process in a case such as this, although not impossible, would have been extremely impractical. The alleged "deprivation"--the Town's failure to grant appellants a 4.5 percent pension increase for 1985--was nothing more than a routine calculation of benefits by those charged with the administration of the pension plan. Unlike Basciano, supra, the alleged deprivation here was not the denial of a prior application for benefits. Because the Town could not reasonably anticipate that every calculation of pension rates would become the subject of controversy, it could not reasonably anticipate the need for prior notice or a hearing. To hold otherwise would impose a prohibitive administrative burden on the Town, by requiring it to provide advance notice and opportunity to be heard every time it makes a calculation of wages, salaries, or benefits that might subsequently be disputed.
 
 
 18
 I agree with my colleagues that the post-deprivation remedies available to appellants were adequate. See Signet Construction Corp. v. Borg, supra, 775 F.2d at 491. Appellants base their claims for relief on Article XVII of their collective bargaining agreement, which governs "wage rates and effective dates for employees covered by this Agreement." Article III of the contract, the grievance procedure clause, covers disputes between "the Union or any employee and the Town concerning wages, [etc.]". If there is merit to appellants' contention that they are employees entitled to wage increases under Article XVII, they cannot deny that they were also "employees" entitled to the grievance procedure of Article III. The defendants have conceded throughout this litigation that the grievance procedure of the collective bargaining agreement was available to appellants. See Hudson v. Palmer, 468 U.S. 517, 535-36, 104 S.Ct. 3194, 3204-05, 82 L.Ed.2d 393 (1984). Appellants cannot establish the insufficiency of grievance procedures simply by refusing to utilize them. See Marshall v. City of Cape Coral, 797 F.2d 1555, 1560 (11th Cir.1986).
 
 
 19
 In the routine administration of their financial affairs, governmental bodies cannot reasonably be expected to provide prior notice and opportunity for hearing with respect to every calculation of wages and pensions that might conceivably be the subject of a later dispute. Because the Town in this case had no advance notice that appellants would contest the calculation of their 1985 pension rate, and because the Town provided a meaningful post-deprivation opportunity for appellants to contest the calculation, I would hold that the procedural requirements of due process were fully satisfied.
 
 
 20
 Of course, the availability of post-deprivation remedies is not determinative of appellants' claim that the erroneous calculation of their pension was a denial of substantive due process. McClary v. O'Hare, 786 F.2d 83, 86 n. 3 (2d Cir.1986). Nevertheless, dismissal of that claim is required by the fact that the alleged deprivation here was committed by the Town in its role as an employer. The substantive component of the due process clause protects citizens only from abuses of governmental authority, and "does not provide a remedy to a public employee that would not be available to a private employee subject to identical conduct by his employer." Id. at 89. On that basis, I would affirm the dismissal of appellants' substantive due process claim. Finding no merit in appellants' equal protection claim or in appellees' counter-claim for vexatious litigation, I agree that the judgment of the district court should be affirmed.