[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
On October 15, 1993, the plaintiff, Robert B. Smith, a former constable of the Town of East Lyme, filed a five-count revised complaint against the defendants, Town of East Lyme and David L. Cini, the First Selectman, containing the following allegations. The plaintiff had previously made a claim for benefits in accordance with General Statutes 7-433c. On February 15, 1991, the parties entered into an agreement "based upon" the plaintiff's claim under General Statutes 7-433. Pursuant to their agreement, the defendants agreed to pay the plaintiff 2/3 of his wages and maintain the plaintiff's insurance benefits for the duration of the plaintiff's disability. The defendants breached this agreement by failing to make the required payments and by substantially altering the plaintiff's health insurance benefits. As a direct and proximate cause of the defendants' conduct, the plaintiff sustained damages and personal injuries.
In count five of the plaintiff's revised complaint he CT Page 3497 alleges the following: as a direct and proximate cause of the defendants' conduct, the plaintiff sustained damages and personal injuries such that the plaintiff was deprived of a legitimate entitlement to a property right without due process of law as guaranteed by thefourteenth amendment of the United States Constitution, in violation of42 U.S.C. § 1983.
On October 29, 1993, the defendants filed a motion to strike each count of the plaintiff's revised complaint on the ground that each count fails to state a legally sufficient cause of action. In support of their motion to strike, the defendants submitted a memorandum of law. On November 18, 1993, the plaintiff filed an objection to the defendants' motion to strike and submitted a memorandum of law in support thereof.
On January 3, 1994, at short calendar, the court determined all issues in connection with counts one through four of the plaintiff's revised complaint. The only remaining issue is whether count five of the plaintiff's revised complaint should be stricken.
DISCUSSION
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "The motion to strike . . . admits all facts well pleaded." Id.
In deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendants argue that because the plaintiff has failed to sufficiently allege that he has a cognizable, CT Page 3498 property interest, as required by 42 U.S.C. § 1983, count five is legally insufficient and should be stricken. The plaintiff argues that because count five contains all the allegations necessary to support a legally sufficient claim pursuant to42 U.S.C. § 1983, count five should not be stricken.
Section 1983 of 42 U.S.C. provides in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
"Section 1983 of 42 U.S.C. is available to redress deprivations under color of state law of rights, privileges and immunities secured by federal statutes as well as by the constitution." Fetterman v. University of Connecticut,192 Conn. 539, 549, 473 A.2d 1176 (1984), citing Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555
(1979). "`[T]he touchstone of [a] 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution. . . .'" (Citations omitted.) Tedesco v. Stamford, 215 Conn. 450, 456, 576 A.2d 1273 (1990). The United States constitution provides that the "`State [shall not] deprive any person of life, liberty, or property, without due process of law. . . .'" Tedesco v. Stamford, 222 Conn. 233,241, 610 A.2d 574 (1992), quoting U.S. Const. amend. XIV, 1.
State courts have concurrent jurisdiction with federal courts for a 1983 cause of action. See Red Maple Properties v. Zoning Commission, 222 Conn. 730, 739 n. 7, 610 A.2d 1238
(1992). Thus, the Connecticut Supreme Court gives great weight to decisions of the federal courts in the second circuit in the interpretation of 42 U.S.C. § 1983. Id.
There are two essential elements to a claim brought under42 U.S.C. § 1983: "(1) whether the conduct complained of was CT Page 3499 committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Fusco v. Connecticut, 815 F.2d 201, 205 (2d Cir. 1987), cert. denied, 484 U.S. 849, 108 S.Ct. 149,98 L.Ed.2d 105 (1987), quoting Parratt v. Taylor, 451 U.S. 527,535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The plaintiff alleges in count five that the defendants, while acting under color of law, terminated the plaintiff's weekly benefits and altered his insurance benefits without due process of law as guaranteed by thefourteenth amendment of the United States Constitution. The plaintiff argues that these allegations support a legally sufficient cause of action under42 U.S.C. § 1983.
Construing the plaintiff's complaint in a manner most favorable to sustaining its legal sufficiency, the court finds that the plaintiff has sufficiently alleged conduct committed by a person acting under color of state law. The defendants, in their memorandum of law in support of their motion to strike, do not argue that the plaintiff has failed to sufficiently allege the first element of a claim brought under42 U.S.C. § 1983.
 Where, as here, a party claims a deprivation of property without due process in violation of the fourteenth amendment, the second element embraces the following inquiry: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law.
Fusco v. Connecticut, supra, 205, citing Parratt v. Taylor, supra, 536-37. The plaintiff argues that the agreement to pay 2/3 of his average weekly wage and to maintain insurance benefits is an identifiable property right. The defendants argue that because a breach of a contract action is not an identifiable property right for purposes of 42 U.S.C. § 1983, count five of the plaintiff's revised complaint is legally insufficient and should be stricken.
A property "right" has been expansively construed when used in connection with 42 U.S.C. § 1983. See Mahoney v. CT Page 3500 Lensink, 213 Conn. 548, 569, 569 A.2d 518 (1990). "The scope of 42 U.S.C. § 1983 is derived, in turn, from the mandates of the due process clause of the United States Constitution. . . ." Id., 569-70. "Property interests are more than abstract needs, desires or unilateral expectations of benefits of privileges. Rather, a person must have a legitimate claim of entitlement to a benefit or privilege to have a property interest in that benefit." (Internal quotation marks omitted.) Double I. Limited Partnership v. Plan Zoning Commission,218 Conn. 65, 77, 588 A.2d 624 (1991), quoting Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548
(1972).
"Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." (Internal quotation marks omitted.) Double I. Limited Partnership v. Plan Zoning Commission, supra, quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532,538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Board of Regents v. Roth, supra, 577. Accordingly, the interpretation of a contract term does not implicate a due process violation because a contract dispute "does not give rise to a cause of action under section 1983." (Citations omitted.) Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987) (no "entitlement" to a property right under 42 U.S.C. § 1983 for a claim seeking an increase in retirement benefits while underlying benefits were not withheld). The due process clause protects something more than an ordinary contractual right; its protection "is sought in connection with a state's revocation of a status, an estate within the public sphere characterized by a quality of either extreme dependence . . . or permanence . . . or sometimes both. . . ." (Emphasis omitted; footnote omitted.) S D Maintenance Co., Inc. v. Goldin, 844 F.2d 962, 966 (2d Cir. 1988).
"Property," as used in connection with the due process clause, has been broadened "to include rights to some government benefits conferred by statute. . . ." S D Maintenance Co., Inc. v. Goldin, supra, 965, citing Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570
(1972) (tenured teaching position constitutes a property right); Goldberg v. Kelley, 397 U.S. 254, 90 S.Ct. 1011,25 L.Ed.2d 287 (1970) (welfare payments constitute a property right); see Costello v. Town of Fairfield, supra, 784, citing CT Page 3501 Basciano v. Herkimer, 605 F.2d 605 (2d Cir. 1978), cert. denied, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296
(1979) (disability retirement benefits constitute a property right). "A person's interest in a benefit is a `property' interest for due process purposes if it is supported by contractual or statutory language that might be invoked at a hearing. . . ." (Citations omitted.) Costello v. Town of Fairfield, supra, 784 (Van Graafeiland, Circuit Judge, concurring).
The plaintiff alleges that he entered into the February 15, 1991 agreement with the defendants "based upon" a claim for benefits as prescribed by General Statutes 7-433c.
 [I]n the event . . . a regular member of a paid municipal police department who . . . suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or temporary or permanent, total or partial disability, . . . shall receive from his municipal employer compensation and medical care. . . .
General Statutes 7-433c. The defendants argue that the present breach of contract action does not give rise to a cause of action under 42 U.S.C. § 1983. See Walentas v. Lipper, 862 F.2d 414, 418 (2d Cir. 1988), cert. denied,490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 183 (1989); Blecker v. Dukakis, 665 F.2d 401, 403 (1st Cir. 1981). However, the plaintiff alleges a present property interest and relies upon an agreement to pay wages and maintain insurance benefits. Compare Walentas v. Lipper, supra, 417-18 (claims of future employment possibilities are not a constitutionally protected property interest in violation of 42 U.S.C. § 1983); Blecker v. Dukakis, supra (reliance upon oral contract's incorporation of employment policies did not give employee a property right to remaining employed). The defendants' cited case law is distinguishable from the present case. The present cause of action arose from the plaintiff's entitlement to benefits as prescribed by General Statutes 7-433c. Therefore, the plaintiff's cause of action is something more than an ordinary contractual right.
Construing the plaintiff's complaint in a manner most favorable to sustaining its legal sufficiency and admitting CT Page 3502 all facts well pleaded, the court finds the plaintiff has sufficiently alleged an entitlement to benefits as prescribed by General Statutes 7-433c. The plaintiff has sufficiently alleged that he relinquished his entitlement to such benefits in reliance upon the agreement with the defendants.
The plaintiff's right to benefits pursuant to General Statutes 7-433c is analogous to welfare payments and retirement benefits, which are included within property rights, as used in connection with the due process clause; see Goldberg v. Kelley, supra; Costello v. Town of Fairfield, supra. Therefore, the plaintiff has alleged an identifiable property right for a cause of action brought under 42 U.S.C. § 1983, he has satisfied the second essential element for a cause of action brought under 42 U.S.C. § 1983; see Fusco v. Connecticut, supra, 205, quoting Parratt v. Taylor, supra, 535. Accordingly, because count five contains a legally sufficient cause of action, the defendants' motion to strike count five of the plaintiff's revised complaint is hereby denied.
Hurley, J.