Myrna J. TUCKER, Executrix of
the Estate of Alan Tucker,
Plaintiff,

v.

The DARIEN BOARD
OF EDUCATION,
Defendant.

No. CIV.A.3:00CV227 CFD.

United States District Court,
D. Connecticut.

Sept. 26, 2002.

Maciej A. Piatkowski, Whitman, Breed, Abbott & Morgan, Greenwich, CT, for Plaintiff.

Andrew Houlding, John A. Sabanosh, Rome McGuigan Sabanosh, Hartford, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DRONEY, District Judge.

The plaintiff, Myrna J. Tucker, as Executrix of the estate of Alan Tucker, brings this action against the defendant, the Darien Board of Education, pursuant to 42 U.S.C. § 1983 alleging deprivation of a constitutional right arising out the a denial of a medical insurance claim. The plaintiff also asserts various related Connecticut state law causes of action.[1] Pending be-

---

**1.** This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367.

fore this Court is the defendant's Motion for Summary Judgment [Doc. # 29]. For the following reasons, the motion is GRANTED.

## I. *Background* [2]

This case arises out of the denial of medical coverage for an operation performed on the plaintiff's decedent's son. The parties are in agreement regarding the following essential facts, unless indicated as disputed:

The plaintiff's decedent, Alan Tucker ("Tucker"), was a teacher in the Darien public schools and a member of the teachers' union, the Darien Education Association ("DEA"). The DEA entered into a collective bargaining agreement with the defendant school board, which included medical insurance coverage for teachers and their families. The agreement also included a provision stating that the school board, after consultation with the DEA, could change medical insurance carriers as long as the level of benefits would not be reduced.

Tucker's son, Jason, suffered from a skeletal deformity of his jaw that required surgery. However, Jason's doctors informed the Tuckers that prior to the surgery he would need to undergo several years of orthodontia to prepare his teeth and jaw for the reconstructive surgery.

The collective bargaining agreement initially provided health benefits through Reliastar. Tucker contacted the Reliastar administrator before starting Jason on the preparatory orthodontia and received written confirmation that the surgery would be covered. Accordingly, Jason began his orthodontia regimen in contemplation of the surgery. On April 1, 1998, the defendant Board of Education, pursuant to negotiations with the DEA, replaced the Reliastar medical plan with a plan administered by Anthem Blue Cross & Blue Shield of Connecticut ("Anthem").[3] Shortly before Jason's scheduled surgery in August 1998, Tucker was informed that the Anthem plan would not cover the surgery. Tucker unsuccessfully appealed the denial of coverage through the Anthem internal administrative procedures and ultimately paid for it personally.

The plaintiff has filed a three count complaint. The First Count alleges that the denial of the surgical benefit amounted to a deprivation of a property interest without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and the Connecticut Constitution. The plaintiff's Second and Third Counts allege breach of contract and promissory estoppel under Connecticut state law. In response to Count One, the defendant asserts that the plaintiff's decedent did not suffer the loss of a property interest recognized under federal law and that, even if he did, he was afforded due process. In response to the plaintiff's breach of contract claim, the defendant argues that Tucker did not have

2. These facts are taken from the Amended Complaint [Doc. # 19] the Answer and Affirmative Defenses to Amended Complaint [Doc. # 20], the plaintiff's Local Rule 9(c)(2) Statement [Doc. # 35] and the parties' motion papers.

3. It is not entirely clear whether the plaintiff concedes this chronology. In her Memorandum in Opposition to the defendant's Motion for Summary Judgment [Doc. # 34], the plaintiff acknowledges the April date as the date the insurance providers were switched. Similarly, in her Amended Complaint [Doc. # 19], the plaintiff concedes that the surgery occurred after the switch. However, in her Local Rule 9(c) Statement [Doc. # 35], the plaintiff asserts that the collective bargaining agreement was not amended to allow a substitution of medical insurance providers until November of 1998, "more than three months after Jason Tucker's surgery." Plaintiff's Local Rule 9(c)(2) Statement, ¶ 5.

privity of contract with the defendant school board and that he lacks standing to sue the defendant. Finally, the defendant responds to the plaintiff's promissory estoppel claim by alleging that Tucker consented to the change in insurance carriers and was aware that the surgery was not covered before proceeding with it.

## II. *Summary Judgment Standard*

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich*, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992).

## III. *Property Interest Under the Fourteenth Amendment*

■ In assessing a procedural Due Process claim, courts apply "the familiar two-step inquiry. [The Court] must determine (1) whether [the plaintiff] possessed a liberty or property interest and, if so, (2) what process was due before he could be deprived of that interest." *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir.2002) (citations omitted).

■ It is well-settled that public employees may possess property interests arising out of their employment subject to protection under the Due Process Clause. *See Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142, 151 (2d Cir.2002)("A public employee who has a right not to be fired without 'just cause' ... has 'a property interest in h[er] employment that qualifie[s] for the protections of procedural due process.' ")(citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)). The issue here is whether that recognition includes a particular medical benefit owed to a public employee under a collective bargaining agreement.

The plaintiff asserts that the collective bargaining agreement, which provided that medical benefits could not be reduced during its term, in combination with Tucker's reliance on Reliastar's representation that the surgery would be covered, created a constitutionally protected property interest under the Fourteenth Amendment. The defendants contend that a denial of coverage for a specific medical procedure is the product of a "mere" contract dispute, and does not, as a matter of law, give rise to a constitutionally recognized property interest.[4]

---

**4.** The defendant school board does not dispute that it is a state actor subject to 42 U.S.C. § 1983.

In *Costello v. Town of Fairfield*, 811 F.2d 782 (2d Cir.1987), the Second Circuit held that a denial of an increase in retirement benefits pursuant to a collective bargaining agreement did not rise to the level of deprivation of a protected property interest for purposes of due process protection. In so holding, the Court reasoned that the dispute was merely contractual in nature, and that "[a] contract dispute does not give rise to a cause of action under 1983." *Costello*, 811 F.2d at 784.

■ Following *Costello*, the Second Circuit held that the concept of property, for purposes of due process analysis, includes "rights to some governmental benefits conferred by statute or by contract." *S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962, 965 (2d Cir.1988) (citations omitted). Yet, Judge Newman, writing for the Court, cautioned that:

> In one sense, of course, every enforceable contract right can be said to be an entitlement.... And whenever a person contracts with the state, breach by the state can be considered a denial of his entitlement to performance of the contract. If the concept of "entitlement" were this expansive, federal courts could be asked to examine the procedural fairness of every action by a state alleged to be in breach of its contracts.

*Id.* at 966. In *S & D Maintenance*, the plaintiff's asserted "property interest" was under a contract with New York City to maintain the city's parking meters and to receive prompt payment for its work. *Id.* at 964. When the City Comptroller refused to authorize payment under the contract for services performed, the plaintiff sued, alleging a deprivation of property without due process of law under the Fourteenth Amendment. Although the Second Circuit held that the grant of summary judgment in favor of the City was

appropriate because the contractor could not establish an entitlement to either a continuation of the contract or prompt payment, it clarified that rights in public contracts are subject to due process protection only when the right is characterized by "extreme dependence" or "permanence." *Id.* at 966.

■ The plaintiff here, however, relies on *Ezekwo v. NYC Health and Hospitals Corp.*, 940 F.2d 775 (2d Cir.1991). In *Ezekwo*, the Second Circuit held that the plaintiff's claimed right to an appointment as chief medical resident at a New York City public hospital was a recognized property interest. *Ezekwo*, 940 F.2d at 783. The plaintiff asserts that her property claim is even "stronger" than that in *Ezekwo*. However, in *Ezekwo*, the Court did not find a property interest arising solely from a contract provision, but rather, it recognized a property interest in the plaintiff's alleged right to a certain important *status*-that of "Chief Resident." *Id.* at 783. Moreover, a property interest arising out of an entitlement to such status was contemplated by *S & D Maintenance:* "[i]n these contexts the Due Process Clause is invoked to protect something more than an ordinary contract right. Rather, procedural protection is sought in connection with a state's revocation of a *status* ...." 844 F.2d at 966 (emphasis in original). Also, the *Ezekwo* Court again cautioned against simply equating contractual rights with property interests: "[N]ot every contractual benefit rises to the level of a constitutionally protected property interest. It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a [state actor] into a federal claim." *Id.* at 782 (citations and internal quotation marks omitted).

As mentioned, *S & D Maintenance* teaches that for a contractual right of a public employee to constitute a property interest the right must be "characterized by a quality of either extreme dependence" or "permanence ... or sometimes both." *S & D Maintenance*, 844 at 966. Thus, interests rising to the level of constitutional protection "require something in addition to their importance to the claimant." *Id.* at 965. Even in *Ezekwo*, in finding a property interest in the plaintiff's appointment to Chief Resident, the Second Circuit emphasized there that the "interest in the position of Chief Resident was more than simply financial... [I]t denotes the culmination of years of study ... it is necessary [sic] a position that an individual can occupy only once in his or her career." *Ezekwo*, 940 F.2d at 783. *See also Ciambriello v. County of Nassau*, 292 F.3d 307, 317 (2d Cir.2002) (undertaking *Ezekwo* analysis of plaintiff's interest in an employment position).

In *Local 342, Long Island Pub. Serv. Employees v. Town of Huntington*, 31 F.3d 1191 (2d Cir.1994), the Second Circuit, relying in part on *S & D Maintenance*, rejected the plaintiff union's claim that the defendant town's change of medical benefits provider pursuant to a collective bargaining agreement implicated a constitutionally recognized property interest of the union. The agreement included medical benefits to be provided to the employees through a union-sponsored trust. *Local 342*, 31 F.3d at 1192. The town, due to concerns over the trust's decision to terminate its outside administrator, reinstated its former medical provider, a state-run plan. *Id.* at 1193. In reaching its conclusion that no property interest was implicated for due process purposes, the Court applied *S & D Maintenance* and

held "it is apparent that the Union and the Trust possessed, at most, nothing more than a simple contractual right to receive the premium payments." *Id.* at 1195.[5]

Plaintiff also points to the U.S. Supreme Court decision in *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) where the Court recognized that medical benefits provided under state workers' compensation laws could be a recognized property interest under the Due Process Clause. Such workers' compensation benefits were viewed there by the Court to be similar to federal welfare assistance and Social Security disability benefits which meet the "extreme dependence" test set forth in its earlier decisions and followed by the Second Circuit in *S & D Maintenance*. 526 U.S. at 60, 119 S.Ct. 977 (citing *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). However, coverage of particular medical procedures and specific health benefits in private medical plans, even when those plans are incorporated into public collective bargaining agreements, do not rise to the level of "extreme dependence" so as to be subject to due process protection. *See also Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001)(state court breach of contract action adequately protects subcontractor's claim to payment on public projects).

Thus, in order to prevail on a due process claim alleging a deprivation of a property right, the plaintiff must demonstrate something more than an ordinary contract right and a reliance thereon. Here the claim to medical benefits does not meet the

---

**5.** Although the collective bargaining agreement had expired at the time of the change in medical benefits provider, the Court still ana-

lyzed the nature of the benefit as a contract right. *Local 342*, 31 F.3d at 1195–96.

Supreme Court test as set forth in *S & D Maintenance;* the claimed medical payment is an employment benefit not protected as a property interest by the Due Process Clause.

As the plaintiff has failed to assert a cognizable property interest under the Constitution, even when viewing the facts in a light most favorable to the plaintiff, the defendant's Motion for Summary Judgment [Doc. # 29] is granted as to the plaintiff's First Count to the extent that it alleges violations of the Fourteenth Amendment and 42 U.S.C. § 1983.

## IV. *Remaining State Law Claims*

The Court further declines to exercise supplemental jurisdiction over the plaintiff's Connecticut state law claims[6] on the ground that it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Spear v. Town of West Hartford,* 771 F.Supp. 521, 530 (D.Conn.1991) ("[A]bsent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of ...."), *aff'd,* 954 F.2d 63 (2d Cir.), *cert. denied,* 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992).

## V. *Conclusion*

For the preceding reasons, the defendants' motion for summary judgment [Document # 29] is GRANTED and the case is DISMISSED.

---

6. This includes the plaintiff's claim under the Connecticut Constitution set forth in the First Count in the Amended Complaint. This Court also notes that the plaintiff has not asserted independent subject matter jurisdiction for the Second and Third Counts but rather relies on supplemental jurisdiction under 29 U.S.C. § 1367 for those counts.